## BENJAMIN POYER
## v.
## VILLAGE OF DESPLAINES.

*Municipal Corporations—Picnic Grounds—License—Evidence.*

In a prosecution under a village ordinance, forbidding any person without a license to permit any grove or other grounds within the limits of the village to be used for picnic purposes for a compensation to the owner, it is *held:* That the agreed statement of facts fails to show that, on any occasion, subsequent to the passage of the ordinance, the defendant actually received compensation for the use of his picnic grounds, the mere reservation of the right to sell refreshments and thus obtain compensation without an admission that such right was exercised being insufficient.

[Opinion filed June 28, 1887.]

APPEAL from the Criminal Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Statement by BAILEY, J. This was a prosecution by the Village of Desplaines against Benjamin Poyer for a breach of the following ordinance of said village:

"Section 1. No person shall pursue the occupation of hawker or peddler, or shall conduct or manage any theatrical or other exhibition to which an admission fee is charged, or other show or amusement within the Village of Desplaines, without a license therefor, duly signed by the clerk of said village, and sealed with the corporate seal thereof, and the using, renting or permitting to be used of any yard, grounds, grove or other real estate within said village for picnic parties or other assemblies for amusement, where either directly or indirectly through the sale of refreshments or otherwise, a compensation for such renting or use shall be obtained by the owner, manager or person in charge thereof, shall be considered the conducting or managing of an amusement within the meaning of this ordinance.

" Section 2. Every license issued under the provisions of this ordinance shall be at the following rates, the same to be

collected by the village clerk in advance on issuing said license; for each peddler or hawker's license the sum of 50 cents each day or $10 per month.

" Section 3.    For each license to conduct or manage any theatrical or other exhibition to which an admission fee is charged, $10 for each exhibition.    For license to conduct or manage any other show or amusement, including the renting, using or permitting to be used of any yard, ground, grove or other real estate as set out in section 1 of this ordinance, $35 per day.

" Section 4.    It shall be unlawful for any person to exercise any of the occupations· or callings, or do or perform any of the acts mentioned in this ordinance for which a license is required, without first procuring such license.    Any person who shall carry on the business of a peddler or hawker within the Village of Desplaines and who shall refuse or neglect to obtain a license as provided in section 2 of this ordinance, shall be subject to a fine of not less than $15 nor more than $25 for each violation thereof.    Any person or persons who shall conduct or manage any theatrical or other exhibition to which an admission fee is charged, or conduct or manage any other show or amusement, including the renting, using or permitting to be used of any yard, grounds, grove or other real estate as set out in section 1 of this ordinance, within the Village of Desplaines, and shall refuse or neglect to obtain a license therefor, as provided in section 3 of this ordinance, shall be subject to a fine of not less than $75 nor more than $100 for each violation thereof.

" Section 5.    The license of any one, issued under this ordinance, shall be subject to revocation at any time by the Board of Trustees, when it shall appear to its satisfaction that the party so licensed shall have violated any provision of this or any other ordinance of this village."

The suit was commenced before a Police Magistrate and afterward taken by appeal to the Criminal Court where a trial was had before the court, a jury being waived, resulting in a conviction of the defendant and the imposition of a fine of $75, and from that judgment the defendant has appealed to this court.

At the trial the plaintiff read in evidence the foregoing ordinance, it appearing that said ordinance was duly passed by the Board of Trustees of said village, on the 7th day of June, 1886. The plaintiff also introduced the following agreed statement of facts:

"*First.* It is admitted that Benjamin Poyer is the owner of a grove within the corporate limits of the Village of Des-plaines which he permits to be used by church, Sunday-school, temperance and other societies for picnic purposes, but does not permit or allow the use or sale of intoxicating liquors at said picnics, and no license for the sale of intoxicating liquors was held by said Poyer at the time of the violation of said ordinance.

"*Second.* Said grove has been fitted up by defendant as a place for holding picnics, and during the summer season of 1886 and previous years, picnics have been held therein at frequent intervals, to which from 200 to upwards of 1,000 people resort at a time, for pleasure or amusement, coming by train loads from the City of Chicago, which is seventeen miles distant therefrom. Said Poyer does not charge the society or others who rent the grove any direct money compensation therefor, and does not exact from persons using said grounds an admission fee of any kind, but reserves to himself the right to sell refreshments, such as ice-cream, candy, coffee, tea, etc., to the picnic parties, and from such source receives his compensation for such use of said grounds.

"*Third.* That on the — day of July, 1886, said defendant permitted his grove to be used for picnic purposes under the conditions and circumstances stated in the second item of this stipulation without having applied for or received from said village any license as provided for in said ordinance.

"*Fourth.* That the Village of Desplaines, a village of about 700 inhabitants, has no theater, opera house or place of amusement of like nature, fitted up specially for entertainments, except public halls which are rented to traveling, theatrical and other troups, and said picnic grounds are about forty rods from the thickly inhabited portion of said village, but within the corporate limits thereof."

The foregoing was all the evidence heard at the trial.

Mr. John Gibbons, for appellant.

Messrs. C. S. Cutting and Stiles & Lewis, for appellee.

Bailey, J.    It is urged by the defendant that the ordinance under which this prosecution was instituted is invalid, and the arguments of counsel have been directed to that point alone.    Before we can be called upon, however, to pass upon the validity of said ordinance, a case must be made out by the evidence tending to show some breach of its provisions.    We are of the opinion that the evidence wholly fails to show any such breach.

The provision of the ordinance which it is claimed has been violated, is the one which forbids any person without a license to permit any grove or other grounds within the Village of Desplaines to be used for picnic purposes where a compensation therefor shall be obtained by the owner, manager or person in charge thereof, through the sale of refreshments or otherwise.    The ordinance was passed June 7, 1886, and it is admitted that the defendant is the owner of a grove within the corporate limits of said village which he permits various societies to use for picnic purposes; that during the summer of 1886, and previous years, picnics have been held therein at frequent intervals, the defendant not charging any direct money compensation therefor, but reserving to himself the right to sell refreshments, etc., to the picnic parties, and from such source receiving his compensation for such use of said grounds.    So far no breach of the ordinance is shown, as it does not appear that the defendant permitted his grounds to be so used after the ordinance was passed.    During the summer of 1886, and previous years, does not necessarily include any occasion subsequent to June 7, 1886.    Nor does it appear from this admission that the defendant actually received any compensation for the use of said grounds.    It simply appears that he reserved the right to sell refreshments, etc., and thus obtain compensation, but it is not admitted that he in fact exercised such right or actually received any compensation by its exercise.

Nor does the case seem to be aided by the admission that in July, 1886, the defendant permitted his grove to be used for picnic purposes under the conditions and circumstances in the stipulation previously mentioned. Those conditions and circumstances were merely the right to sell refreshments, etc., to the picnic parties, and receiving his compensation for the use of his grounds from that source. It thus fails to appear that on the occasion of the picnic in July, 1886, the defendant did anything more than reserve · to himself the right to sell refreshments, there being no admission that he did actually so sell them or that he did actually obtain any compensation for the use of his grounds on that occasion.

Permitting the use of grounds within the village for picnic purposes is not forbidden by the ordinance, unless the owner, manager or person in charge, either directly or indirectly, through the sale of refreshments or otherwise, obtains some compensation for the renting or use of the same. The evidence wholly fails to show that on any occasion subsequent to the passage of the ordinance the defendant did actually receive such compensation, and it therefore fails to show any breach of the ordinance.

The judgment is unsupported by the evidence, and it will therefore be reversed and the cause remanded.

<em>Judgment reversed.</em>